UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MELANIE THOMPSON,<br>      *Plaintiff*,<br><br>    v.<br><br>ALFRED STREET BAPTIST CHURCH and<br>ALFRED STREET BAPTIST CHURCH<br>FOUNDATION,<br>      *Defendants.* | No. 1:24-CV-00980-MSN-WEF |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (ECF 10). Plaintiff claims that she was wrongfully terminated under the Americans with Disabilities Act ("ADA") when she was refused a medical exemption from her employer's COVID-19 vaccination requirement. For the reasons that follow, this Court will DENY Defendants' Motion and permit Plaintiff's claims to proceed.

I.  **BACKGROUND**[1]

Plaintiff, Melanie Thompson, worked as a Human Resource Specialist at the Alfred Street Baptist Church ("ASBC") from 2018 until 2022. ECF 1 ("Compl.") at ¶¶ 9, 52. Thompson worked on-site in ASBC's Alexandria, Virginia office until March 2020 when the COVID-19 pandemic caused ASBC to move to fully remote operations. *Id.* at ¶ 11. In December 2021, ASBC notified its staff that they would be required to obtain a COVID-19 vaccination by February 1, 2022, or face termination. *Id.* at ¶ 12. Thompson visited her primary care provider on or about January 8,

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

2022, with the intention of obtaining a vaccination, but her provider, Dr. Monisola Adeyemo "cautioned her against receiving the vaccination due to her history of severe allergies" and ultimately refused to administer the vaccine. *Id.* at ¶¶ 14, 22. ASBC was aware of Thompson's severe allergies (which caused reactions including paralysis, vomiting, and throat or tongue swelling), because Thompson's employee information sheet mentioned her allergies. *Id.* at ¶¶ 15-16. Thompson had also previously taken sick leave at ASBC because of reactions she had to medications, injectables, and the flu vaccine when she was an employee. *Id.* at ¶¶ 17-19. After Dr. Adeyemo refused to administer the COVID-19 vaccine to Thompson and suggested she seek a medical exemption from her employer, Thompson sought a second opinion from another physician, Dr. Mercy Eseme-Efobi. *Id.* at ¶ 23. Dr. Eseme-Efobi also cautioned against the vaccine given Thompson's history of severe allergic reactions and advised her that if "she must receive the vaccine, medical necessity required at a minimum that an ambulance be on site." *Id.* at ¶ 24.

After meeting with both doctors, on or about January 9, 2022, Thompson wrote to ASBC Director of Human Resources, Ms. Ayoka Jack, asking about a medical exemption. *Id.* at ¶ 25. Ms. Thompson and Ms. Jack had several conversations about the medical exemption criteria and Ms. Jack ultimately provided Ms. Thompson a COVID vaccination exemption request on January 12, 2022, that was to be submitted by February 1, 2022 (which Ms. Thompson believed was an arbitrary date). *Id.* at ¶¶ 26-28. Ms. Thompson notified Ms. Jack on January 24, 2022, that she was in the process of completing the form, which required a signature from her doctor. *Id.* at ¶ 31. And Ms. Thompson ultimately completed the signed form one day late on February 2, 2022. *Id.* at ¶ 33.

Several weeks later on February 28, 2022, Ms. Jack informed Ms. Thompson that more information was required to grant the exemption and that a formal response had to be submitted by March 18, 2022. *Id.* at ¶¶ 36-37. After repeated attempts to contact Dr. Adeyemo's office, Dr.

Adeyemo finally responded, telling Ms. Thompson that "she would not be providing ASBC with any further information" and restating that "she was declining to give Ms. Thompson the vaccine in order to protect her from possible severe physical harm." *Id.* at ¶ 40.

Ms. Thompson explained Dr. Adeyemo's position to Ms. Jack, who sought "legal counsel" and determined that Ms. Thompson's request did not support a medical exemption and thus "ASBC would deny the exemption unless she provided 'sufficient' information by April 29, 2022." *Id.* at ¶¶ 41-43. Ms. Jack specifically objected to the vagueness of Dr. Adeyemo's letter, because it only described an "unknown" possible reaction and did not identify what ingredients or components of vaccines to which Ms. Thompson was allergic. *Id.* at ¶ 44. Ms. Jack also provided Ms. Thompson a link to the U.S. Centers for Disease Control and Prevention ("CDC") website providing information on the COVID-19 vaccine for individuals with allergies, but Ms. Thompson claimed the website provided no greater guidance: "The website neither stated nor implied that, to be sufficient, an exemption request should provide a greater level of detail from health professionals than [a] general certification . . . or that an employer's demand for any greater detail was realistically obtainable or medically necessary." *Id.* at ¶ 46. For these reasons, Ms. Thompson claims Ms. Jack's email "materially misrepresented the CDC guidelines she claimed as support for ASBC's demand for further medical details." *Id.*

On March 28, 2022, Ms. Thompson tried for a third time to request additional information from Dr. Adeyemo, but received no response. *Id.* at ¶ 47. Ms. Thompson communicated her confusion (and her doctor's confusion) about what further information Ms. Jack required, but Ms. Jack continued to repeat her previous instructions. *Id.* at ¶¶ 48-49. Ms. Jack also offered to set up a meeting with ASBC's human resources officer, Teliah Walker, to "review" any questions, but no meeting happened. *Id.* at ¶ 49. Ms. Thompson wrote Ms. Jack again, this time copying Ms.

3

Walker, to explain the risks she faced in receiving a COVID-19 vaccination given her history of severe allergic reactions. *Id.* at ¶¶ 50-51. But three days later, on April 29, 2022, ASBC formally terminated Ms. Thompson for failure to comply with the church's vaccine mandate. *Id.* at ¶ 52.

On January 2, 2023, Ms. Thompson filed a timely complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her disability and failure to accommodate. *Id.* at ¶ 53. The EEOC Baltimore Field Office determined on December 4, 2023, that there was "reasonable cause to believe that Respondent [ASBC] discriminated against Charging Party [Ms. Thompson] when it denied her reasonable accommodation request and discharged her because of her disability in violation of the ADA." *Id.* at ¶ 59. After ASBC requested reconsideration of the EEOC decision, the EEOC issued an amended letter of determination confirming its finding of reasonable cause. *Id.* at ¶¶ 61-63. On March 8, 2024, Ms. Thompson was notified of her right to sue. *Id.* at ¶ 65.

A few months later on June 6, 2024, Ms. Thompson brought suit alleging disability discrimination in violation of the ADA (Count I) and failure to accommodate in violation of the ADA (Count II). Defendants moved to dismiss on the single ground that Plaintiff's risk of allergic reaction to the COVID-19 vaccine fails to qualify as a "disability" under the ADA. *See generally* ECF 11.

**II.     LEGAL STANDARD**

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must

"draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

### III.   ANALYSIS

This Court finds that Ms. Thompson has plausibly alleged that she could have an active, severe reaction to the COVID-19 vaccine that would substantially limit her ability to care for herself and others. A general description of past allergic reactions is sufficient under Fed. R. Civ. P. 12(b)(6) to identify a disability. *See Kelly v. ACTS Retirement-Life Communities, Inc.*, No. GLR-23-127, 2023 WL 5721584, at *4 (D. Md. Sep. 5, 2023) (finding that plaintiff who "specifically allege[d] that she went into anaphylactic shock that nearly killed her after receiving a prior vaccination due to her severe allergies … has sufficiently identified … a disability for this [motion to dismiss] stage"); *Ruggiero v. Mount Nittany Medical Center*, 736 Fed. App'x 35, 40-41 (3d Cir. 2018) (finding that plaintiff who "identified her specific impairments (severe anxiety and eosinophilic esophagitis) and further alleged that those impairments limited certain life activities such as sleeping, eating, and engaging in social interaction" had adequately pled a disability). Ms. Thompson has pointed to her past severe allergic reactions to medications and vaccinations, during which she experienced paralysis, vomiting, and swelling of her throat and tongue. Compl. at ¶ 15. Although Ms. Thompson did not specifically allege how such reactions specifically impaired certain life activities, such reactions have potential to impair breathing, which "is a major life activity under the ADA." *Kelly*, 2023 WL 5721584, at *3 (citing 42 U.S.C. § 12102(2)(A)). And Ms. Thompson is not "at this early pleading stage," required "to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations." *Fowler v. UPMC* Shadyside, 578 F.3d 203, 213 (3d Cir. 2009). Two of the principal cases cited by

Defendants—*Norman v. NYU Langone Health System*, 492 F. Supp. 3d 154 (S.D.N.Y. 2020) and *Richardson v. Grays Harbor Cty. Pub. Hosp. Dist. No 1*, No. C20-5814 RAJ-TLF, 2021 U.S. Dist. LEXIS 262438, at *12 (W.D. Wash. Oct. 20, 2021)—were decided on summary judgment. Accordingly, those courts were able to look at the evidence of the plaintiffs' prior reactions to determine if their allergies constituted impairments that limited major life activities. This Court need not make such a determination at this motion to dismiss stage. Accordingly, under the logic of *Kelly* and *Ruggiero* and the broad construal of the ADA,[2] this Court finds that Ms. Thompson has plausibly alleged a disability under the ADA.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion (ECF 10) is **DENIED**.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

November 15, 2024
Alexandria, Virginia

---

[2] 42 U.S.C. § 12102(4)(A) ("The definition of disability ... shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.").